[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 17, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12394
Non-Argument Calendar

_____

BIA No. A95-903-380

GLORIA C. MERA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

**(January 17, 2006)**

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Gloria Constanza Mera and her husband Juan Carlos Hernandez Lemus,

natives and citizens of Colombia, petition <u>pro se</u> for review of the denial of their application for asylum, withholding of removal, and relief under the Convention Against Torture by the Board of Immigration Appeals. Mera contends that the BIA erred because she demonstrated past persecution or a well-founded fear of future persecution by presenting evidence of threats and gunshots by the Revolutionary Armed Forces of Colombia (FARC). She also argues that she is entitled to relief under CAT. We dismiss in part and deny in part.

## I.  BACKGROUND

In Colombia, Mera and her sisters were active members of the Conservative Party. Mera also worked for the National Register of the Civil State Office and the Civil Registry and Citizenship and visited remote villages to register people and issue identification cards. One of Mera's sisters was a councilwoman from Palmira, and another sister helped the party collect money. Mera's husband ran a successful furniture business.

On April 4, 1999, Commander Arbey of FARC approached Mera and instructed her to help register FARC members. A month later, FARC also demanded money from Mera's husband. Mera and her husband refused to comply with the demands. They reported the threats to the police, but the threats continued through the summer. In September, FARC again demanded money from her husband. On September 23, Mera's family received a phone call that informed

2

Mera's family they would be killed. The call was immediately followed by gunshots through the bedroom window. Because they believed that the police were unable to protect them, Mera and her husband decided to leave Colombia. They entered into a "fictitious sale" of their furniture business to an employee, but continued to earn income from the business. On September 25, Mera and her husband fled Colombia.

While in the United States, Mera received a letter from her sister in Colombia. The letter advised Mera not to return to Colombia because the country was at war and FARC had searched for Mera at her sister's office. FARC told Mera's sister that if Mera and her husband returned, they should be "prepared to face the consequences."

At the removal hearing, Mera conceded removability, but argued that she was eligible for asylum, withholding of removal, and relief under CAT. The IJ denied Mera's asylum application as untimely. The IJ also denied Mera's application for withholding of removal because Mera continued to earn money from the furniture store in Colombia, Mera had not attempted to relocate in Colombia, and her family members continued to safely reside in Colombia despite having affiliations with the Conservative Party. The IJ denied relief under CAT because Mera did not establish that she had ever been tortured or would be tortured upon her return.

3

The BIA agreed with the IJ. The BIA dismissed Mera's appeal because her asylum application was untimely, she failed to prove past persecution or a well-founded fear of future persecution, and she failed to establish that she would face torture upon her return to Colombia.

## II. STANDARD OF REVIEW

We review subject matter jurisdiction de novo. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). Because the BIA issued a separate opinion from the IJ, we review the decision of the BIA. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review de novo the legal determinations of the BIA. Id. We review factual findings of the BIA for substantial evidence, 8 U.S.C. § 1252(b)(4)(B); Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001), and reverse those factual findings "only when the record compels a reversal." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004).

## III. DISCUSSION

Mera raises three arguments. Mera argues that the BIA erred when it (1) dismissed her application for asylum as untimely, (2) denied her application for withholding of removal because she had not established past persecution or a well-founded fear of persecution, and (3) held that Mera had not established prima facie eligibility under CAT. We discuss each argument in turn.

4

*A.  We Lack Jurisdiction to Review Mera's Application for Asylum.*

An alien may apply for asylum if "the alien demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States."  8 U.S.C. § 1158(a)(2)(B).  An alien may apply for asylum after one year of arrival if the alien establishes "the existence of changed circumstances which materially affect the applicant's eligibility for asylum."  Id. § 1158(a)(2)(D).  The BIA concluded that Mera's application for asylum was untimely.  The BIA also concluded that Mera failed to establish changed circumstances in filing her application.

We lack jurisdiction to review the denial of Mera's application for asylum as time-barred.  "No court shall have jurisdiction to review any determination" that an application was untimely or failed to establish changed or extraordinary circumstances to excuse the delay.  Id. § 1158(a)(3).  Although courts may review alleged constitutional deprivations and questions of law, see id. § 1252(a)(2)(D), Mera has not presented an issue of that kind.  Chacon-Botero v. United States Attorney Gen., 427 F.3d 954, 957 (11th Cir. 2005); see id. § 1252(a)(2)(D).  We dismiss this portion of Mera's petition.

*B. Mera Has Not Established Withholding of Removal.*

Mera argues she is entitled to withholding of removal.  An alien is entitled to

5

withholding of removal if her "life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). "An alien bears the burden of demonstrating that [she] more-likely-than-not would be persecuted or tortured upon [her] return to the country in question." Id.

Mera has failed to show past persecution based on a protected ground. "If the alien establishes past persecution in [her] country based on a protected ground, it is presumed that [her] life or freedom would be threatened upon return to [her] country." Id. The record does not compel the conclusion that the threats and shooting at her home were based on Mera's political opinion. FARC threatened Mera, as a government employee, for her refusal to register FARC members, and Mera described the registration requested by FARC as illegal. A refusal to cooperate is not actual or imputed political opinion. Sanchez v. United States Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004). FARC also threatened Mera's husband for refusal to pay them money, but a refusal to pay extortion is not a statutorily protected ground. See id.; 8 U.S.C. § 1231(b)(3)(A).

Mera has also failed to show a well-founded fear of future persecution. "An alien who has not shown past persecution . . . may still be entitled to withholding of removal if [she] can demonstrate a future threat to [her] life or freedom on a

6

protected ground in [her] country." Mendoza, 327 F.3d at 1287. Mera's siblings continue to reside in Colombia and have not been harmed although they are active members of the Conservative Party. The record does not compel us to reverse the determination of the BIA.

*C. Mera Is Not Entitled to Relief Under CAT.*

Mera failed to establish that she is entitled to relief under CAT. Under CAT, an applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). Torture is "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . at the instigation of or with the consent or acquiescence of a public official." Id. § 208.18(a)(1). Mera failed to present any evidence that she will be subject to torture with the consent of the Columbian government. Her argument that the government cannot prevent FARC from persecuting her is insufficient to establish a right to relief under CAT.

## IV. CONCLUSION

We dismiss Mera's petition to review the denial of her application for asylum, and we deny Mera's petition for withholding of removal.

**DISMISSED IN PART AND DENIED IN PART.**